UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
ABDULMAJID TAHA MUTHANA and NASEEM  :
ABDULMAJID TAHA MUTHANA (A.K.A.                  :
MOHSIN),                                                                            :     **ORDER GRANTING MOTION**
                                                                                             :     **TO DISMISS**
                 Plaintiffs,                                   :
                                                                                             :     21 Civ. 6299 (AKH)
   -against-                                                                 :
                                                                                             :
                                                                                             :
                                                                                             :
ANTONY BLINKEN, et al.,                                            :
                                                                                             :
                 Defendants.                                 :
---------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

       Plaintiffs filed this action to seek review of the U.S. embassy in Djibouti's decision not to grant Naseem Abdulmajid Taha Muthana visa and to transfer the underlying I-130 to USCIS. Defendants moved to dismiss, invoking the doctrine of consular non-reviewability and maintaining that the embassy's decisions were made for facially legitimate and bona fide reasons. Plaintiffs oppose. For the reasons that follow, the motion to dismiss is granted.

## BACKGROUND

       Plaintiffs are Abdulmajid Taha Muthana ("Abdulmajid") and his biological daughter, Naseem Abdulmajid Taha Muthana a.k.a. Mohsin ("Naseem"), who is a citizen of Yemen. In the early 2000s, Abdulmajid immigrated to the U.S. and became a naturalized citizen in 2005. Later in 2005, he began the process to obtain a family-sponsored visa for Naseem by filing a Form I-130 with USCIS. On that form, Abdulmajid listed Naseem as "Naseem A. Mohsin" and identified her as his step-daughter. The I-130 was approved in October 2005, which enabled Naseem to apply for a visa to enter the U.S. and schedule an interview with a

consular officer of the State Department. That interview took place in April 2007, when Naseem was 13 years old. At the interview, the consular officer conducting the interview questioned the status of Naseem's relationship with Abdulmajid and requested DNA testing. Abdulmajid then admitted in a sworn statement that Naseem was in fact his biological daughter, which he had misrepresented in the application. The administrative records reflect that neither Abdulmajid nor Naseem took any additional action at that time and the immigration petition was terminated.

In 2018, Abdulmajid reopened his application to sponsor Naseem's immigration to the U.S. Naseem filed an application (Form DS-260) and stated that she had been known as Naseem Abdulla Mohamed Mohsin and that the I-130 Abdulmajid filed on her behalf in 2005 had identified her by that name. The U.S. embassy in Djibouti, where the case had been transferred, reinstated the petition and conducted an interview of Naseem in 2019. After the interview, the embassy denied the visa on public charge grounds, and requested Naseem provide supplemental documentation to overcome that denial. In September 2019, while communicating with Plaintiffs' counsel to receive those documents, the embassy again denied the application based on 8 U.S.C. § 1182(f) and Presidential Proclamation 9645, which barred certain nationals from Yemen from entering the U.S.[1]

In December 2020, the embassy informed Plaintiff that the consular officer had determined Naseem was ineligible for the visa category in which she had applied and that the petition had been returned to USCIS. After Plaintiffs' counsel followed up in May 2021, the embassy responded that "[a]fter their interviews and a thorough review of their visa applications, the consular officer found that your client was not eligible for the visa category in which they were applying as the biodata on the petition is materially different from the applicant's actual

---

[1] Presidential Proclamation 9645 was revoked when President Biden signed Presidential Proclamation 10141 in 2021. The denial based on Presidential Proclamation 9645 thus no longer has any effect.

biographical information" and that the Form I-130 had been returned to USCIS.  Compl. ¶ 51.[2]

Following the May 2021 communication, Plaintiffs initiated this suit, alleging violations of the

APA, INA, and Fifth Amendment rights to due process.  Defendants invoke the consular non-

reviewability doctrine and assert the visa denial was legitimate.

## I. CONSULAR NON-REVIEWABILITY

The doctrine of consular non-reviewability bars judicial review of the consular

officer's decision regarding Naseem's visa.  The doctrine of consular non-reviewability provides

that a consular officer's decision to grant or deny a visa is immune from judicial review.  *Am.

Acad. of Religion v. Napolitano*, 573 F.3d 115, 123 (2d Cir. 2009).  "Courts within the Second

Circuit have consistently refused to review consular officers' decisions to suspend or deny

immigration visas."  *Islam v. Melisa*, 2018 WL 6067503, at *3 (S.D.N.Y. Nov. 20, 2018) (citing

*Lleshi v. Kerry*, 127 F. Supp. 3d 196, 201 (S.D.N.Y. 2015)).  The Djibouti embassy in effect

denied Naseem's visa when it determined that she was not eligible for the category in which she

applied and returned the application to USCIS.  The finding that Naseem was "ineligible"

operated as a denial, and is thus outside the scope of judicial review.

Plaintiffs' argument to the contrary is unavailing.  Partially relying on *Patel v.

Reno*, 134 F.3d 929, 932 (9th Cir. 1997), Plaintiffs argue that the embassy's decision merely

"suspended" the visa application by returning it to USCIS, and thus consular non-reviewability

does not apply.  But in *Patel*, plaintiffs were *not* challenging a decision within the discretion of

the consul, only the authority of the consulate to entirely suspend a visa application.  Here, the

Djibouti embassy has not indefinitely suspended the visa; rather, it declined to issue a visa and

---

[2] The Complaint contains two paragraphs numbered "50" and "51."  The above citation refers to the first the paragraphs numbered "51" on page 14.

returned the I-130 petition to USCIS.  Even if, as Plaintiff argues, the Djibouti embassy's decision constitutes a suspension, that decision would still fall within the scope of consular non-reviewability.  *See Islam*, 2018 WL 6067503, at *3; *Asmah v. US Consulate Accra Ghana*, 2016 WL 2993203, at *3 n.2 (S.D.N.Y. May 23, 2016); *Tran v. Rice*, 312 F. App'x 992, 993 (9th Cir. 2009) (discussing *Patel* and noting decision to return I-130 to USCIS is protected by consular non-reviewability).  Judicial review of the embassy decision is thus precluded.

## II.     FACIALLY BONA FIDE REASON

When the doctrine of consular non-reviewability applies to a visa decision, there is a limited exception permitting review when a denial implicates the constitutional rights of a U.S. citizen.  *See Kleindienst v. Mandel*, 408 U.S. 753, 767 (1972); *Am. Acad. of Religion*, 573 F.3d at 123–24.  When conducting its limited review, courts assess only whether a visa denial was "on the basis of a facially legitimate and bona fide reason." *Xian Yong Zeng v. Pompeo*, 740 Fed.Appx. 9, 10–11 (2d Cir. 2018).  "Once this standard is met, 'courts will neither look behind the exercise of that discretion, nor test it by balancing its justification against' the constitutional interests of citizens the visa denial might implicate." *Kerry v. Din.*, 576 U.S. 86, 104 (2015) (Kennedy, J. concurring in the judgment) (quoting *Mandel*, 408 U.S. at 770).

Even assuming, without deciding, that Plaintiff Abdulmajid has a protected constitutional interest, he cannot successfully challenge the denial because the embassy provided a facially legitimate reason for the denying Naseem's visa.  Specifically, the embassy stated that Naseem was ineligible for a visa because "the biodata on the petition is materially different from the applicant's actual biographical information." Compl. ¶ 9; *see also Xian Yong Zeng¸*740 Fed.Appx. at 11 (holding that consulate provided a bona fide and facially legitimate reason for denying a visa by finding applicant had made a material misrepresentation which rendered her

ineligible). Although the embassy did not provide a specific statutory citation, the factual basis articulated for the denial—that the application provided false information about Nassem's identity—was sufficient to constitute a facially legitimate and bona fide reason for denial.

Plaintiff's argument that the embassy acted in bad faith is unavailing. First, the allegations of bad faith in the Complaint are conclusory. *See, e.g.*, Compl. ¶¶ 3, 50, 86. Second, the fact that while the visa application was under consideration there existed multiple independent bases for denying the visa does not imply the embassy acted in bad faith. Rather, it simply indicates that Naseem had multiple hurdles to overcome, the last of which proved fatal to her application. As the allegations of bad faith are insufficient, it would be improper to question further or "look behind the exercise of [the embassy's] discretion" regarding the visa. *Am. Acad. of Religion*, 573 F.3d at 125 (quoting *Mandel*, 408 U.S. at 769–70. Accordingly, Plaintiffs cannot avail themselves of the limited exception to the consular non-reviewability doctrine.

## CONCLUSION

The motion to dismiss is granted, and oral argument scheduled for February 8, 2022 is canceled. The Clerk shall terminate the motion (ECF No. 8) and mark the case closed.

SO ORDERED.

Dated:   February 4, 2022            \_\_/s/ Alvin K. Hellerstein\_\_\_\_\_
         New York, New York          ALVIN K. HELLERSTEIN
                                     United States District Judge